## WEISS v. HAIGHT & FREESE CO.

### (Circuit Court, D. Massachusetts. November 9, 1907.)

### No. 179.

CORPORATIONS—PROCEEDINGS IN INSOLVENCY—CLAIMS OF CUSTOMERS OF BUCKET SHOP.

In the settlement of the estate of an insolvent corporation engaged in conducting a bucket shop, receiving money from customers which it purported to invest in stock deals, but did not, in fact, so invest, a customer may prove his claim for the amount paid to the company, regardless of the purported transaction as on a rescission, or at his option, where the transaction as reported to him by the company showed a profit, and no collusion is shown, for the amount thus shown to be due him and which he could have recovered in an action at law.

In Equity.
See 148 Fed. 399.

Wm. D. Turner, for receiver.
Franklin Bien, for Haight & Freese Company.
John A. Boardman, Alexander Hillary, and Charles F. Hall, for Edward Collins.
Charles Stetson and George Hoague, for certain creditors.

LOWELL, Circuit Judge. The court has found, and now finds, that the respondent, the Haight & Freese Company, was a bucket shop, holding itself out as a broker for the purchase of securities; that for the most part it appropriated the money received from its customers without any purchase of securities for their account. It usually represented to its customers that the money so received had been lost in making good the margins upon the purchases which the customers had directed. For obvious reasons, however, the company represented to some of its customers that their speculations had resulted in profit. Had all customers lost all their money, the company after a time would have ceased to attract.

A customer defrauded in the manner first described has been allowed to prove in this proceeding for the sums which he paid to the company, without regard either to the agreement under which the payments were made or to the state of his accounts as shown by the company's books. In effect, he is thus permitted to rescind his contract because of the company's fraud, and to enforce a claim for money had and received by the company to his use. Thus far there is no dispute.

But those customers, comparatively few in number, who appear upon the company's books to have succeeded in their speculations, and so to be entitled to more money than they paid into the company, naturally wish to prove for the larger sum, upon a trade basis, so-called, rather than upon the cash basis just referred to. Where there was collusion between the customer and the company, this cannot be permitted. But, in cases where the master has found no evidence of the customer's knowledge of the company's fraudulent practices, no one has appeared to oppose the customer's claim to payment upon a trade basis. After careful consideration, the receiver is inclined to think that the trade basis is admissible as a measure of proof alternative at the option of the creditor. The court is compelled to decide the matter without the advantage of argument on both sides of the question.

That the honest creditor could recover on a trade basis in a suit at law against the company is plain. The company agreed to execute the orders of its customers. It pretended to do so, while, in fact, it did nothing in the cases under consideration, so far as appears. Where purchases made in accordance with a customer's orders would have resulted in his profit, the customer could recover that profit in an action of contract, and so is entitled to prove therefor. In re Swift, 112 Fed. 315, 50 C. C. A. 264; North Chicago Mill Co. v. St. Louis Ore Co., 152 U. S. 596, 14 Sup. Ct. 710, 38 L. Ed. 565; Spader v. Mural Mfg. Co., 47 N. J. Eq. 18, 20 Atl. 378. Again, the company rendered weekly or monthly statements to the customer, showing sales and purchases alleged to have been made on his account, which were not actual, but only fictitious. These statements showed certain sums due from the company to the customer. Upon the account so stated, the customer could have recovered against the company, for the company would not have been permitted to introduce evidence of the fraudulent falsity of its own account. If a customer, not in collusion with the company, has a claim good against it in the case sup-

posed, there is no sufficient reason why the claim should not be allowed in this proceeding.

It is true that this decision allows some creditors, whose election was by the company's arbitrary grace, to prove against the company for claims larger than those of other creditors whose conduct or circumstances were the same, except that the latter had the ill fortune to be elected by the company for loss rather than for profit. There is thus an inequality. But proof upon a trade basis gives to the former class no more than its just due, and the denial of like treatment to the majority of creditors arises from the necessities of the case. If these last can show that the execution of their orders would have resulted in a profit, they also may be allowed to prove for it.